1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LA JUAN PRIDE,

11              Petitioner,              No. 2:11-cv-3177 CKD P

12        vs.

13   MATTHEW CATE,

14              Respondent.              <u>ORDER</u>

15   _____/

16              Petitioner, a state prisoner, is proceeding pro se with a writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1 ("Ptn.").)  Petitioner claims that there was insufficient

18   evidence for the trial court to find he had a prior strike conviction, which resulted in an additional

19   three-year prison term when petitioner was sentenced in 2009 for possession of counterfeit

20   money.  The parties have consented to this court's jurisdiction.  (Dkt. Nos. 3, 7.)  Upon careful

21   consideration of the record and the applicable law, the undersigned will deny petitioner's

22   application for habeas corpus.

23   ////

24   ////

25   ////

26   ////

BACKGROUND

On January 12, 2009, a jury in the Superior Court of Sacramento County found petitioner guilty of possession of counterfeit money and second degree burglary.  (Lod. Doc.[1], Reporter's Transcript on Appeal (RT) at 346.)  On March 20, 2009, Judge Patrick Marlette of the Sacramento County Superior Court found petitioner guilty beyond a reasonable doubt of a prior strike for a September 18, 2007 robbery conviction in Alameda County Court.  (Lod. Doc., Clerk's Transcript (CT) at 357, 375.)  On March 27, 2009, Judge Marlette sentenced petitioner to three years in state prison for possession of counterfeit money and doubled the three year term to six years pursuant to petitioner's prior strike.  (RT at 397.)  Judge Marlette also sentenced petitioner to two years in state prison for the burglary, and doubled this term pursuant to petitioner's prior strike, but ruled that this sentence would run concurrently.  (RT at 398.)  In total, petitioner was sentenced to a term of six years in state prison.  (RT at 398.)

Petitioner appealed on an evidence chain of custody ground to the California Court of Appeal for the Third Appellate District.  (Ptn. at 2.)  On August 11, 2010, the Court of Appeal stayed the burglary sentence but otherwise affirmed the trial court judgment.  (Lod. Doc. 4 at 2.)  Petitioner appealed to the Supreme Court of California, and the court denied his appeal on October 20, 2010.  (Ptn. at 2 and Dkt. 8 at 2.)

On March 17, 2011, petitioner filed a habeas petition with the Sacramento Superior Court.  (Ptn. at 3.)  Petitioner alleged that there was insufficient evidence at trial to prove the prior strike conviction.  (Ptn. at 4.)  The Sacramento Superior Court denied the petition in a reasoned opinion dated April 26, 2011.  (Lod. Doc. 8, Opinion of the Sacramento County Superior Court ("Opinion") at 1.)  On May 23, 2011, petitioner appealed this decision to the California Court of Appeal for the Third Appellate District.  (Lod. Doc. 9 at 1.)  The California Court of Appeal denied the petition on June 2, 2011.  (Lod. Doc. 10.)  Petitioner then appealed to

---

[1] Lodged documents refer to those documents lodged by respondent on February 9, 2012. (Dkt. No. 9.)

the Supreme Court of California on June 18, 2011.  (Lod. Doc. 11.)  On July 27, 2011, the Supreme Court of California denied the petition.  (Lod. Doc. 12.)

On December 1, 2011, petitioner filed the habeas petition now pending before the court.  (Ptn.)  Respondent filed an answer on February 9, 2012.  (Dkt. 8.)

DISCUSSION

I.  AEDPA

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As a preliminary matter, the Supreme Court has recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Rather, "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Id. at 784-785, citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis).  "The

1  presumption may be overcome when there is reason to think some other explanation for the state

2  court's decision is more likely." Id. at 785.

3       The Supreme Court has set forth the operative standard for federal habeas review

4  of state court decisions under AEDPA as follows:  "For purposes of § 2254(d)(1), 'an

5  *unreasonable* application of federal law is different from an *incorrect* application of federal

6  law.'"  Harrington, supra, 131 S. Ct. at 785, citing Williams v. Taylor, 529 U.S. 362, 410 (2000).

7  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

8  'fairminded jurists could disagree' on the correctness of the state court's decision."  Id. at 786,

9  citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).  Accordingly, "a habeas court must

10 determine what arguments or theories supported or . . could have supported[] the state court's

11 decision; and then it must ask whether it is possible fairminded jurists could disagree that those

12 arguments or theories are inconsistent with the holding in a prior decision of this Court."  Id.

13 "Evaluating whether a rule application was unreasonable requires considering the rule's

14 specificity.  The more general the rule, the more leeway courts have in reaching outcomes in

15 case-by-case determinations.'"  Id.  Emphasizing the stringency of this standard, which "stops

16 short of imposing a complete bar of federal court relitigation of claims already rejected in state

17 court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does

18 not mean the state court's contrary conclusion was unreasonable."  Id., citing Lockyer v.

19 Andrade, 538 U.S. 63, 75 (2003).

20      The same deference is paid to the factual determinations of state courts.  Under §

21 2254(d)(2), factual findings of the state courts are presumed to be correct subject only to a review

22 of the record which demonstrates that the factual finding(s) "resulted in a decision that was based

23 on an unreasonable determination of the facts in light of the evidence presented in the state court

24 proceeding."  It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different

25 from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that

26

1  "fairminded jurists" examining the same record could not abide by the state court factual

2  determination.  A petitioner must show clearly and convincingly that the factual determination is

3  unreasonable.  See Rice v. Collins, 546 U.S. 333, 338 (2006).

4         The habeas corpus petitioner bears the burden of demonstrating the objectively

5  unreasonable nature of the state court decision in light of controlling Supreme Court authority.

6  Woodford v. Viscotti, 537 U.S. 19 (2002).  Specifically, the petitioner "must show that the state

7  court's ruling on the claim being presented in federal court was so lacking in justification that

8  there was an error well understood and comprehended in existing law beyond any possibility for

9  fairminded disagreement."  Harrington, supra, 131 S.Ct. at 786-787.  "Clearly established" law is

10  law that has been "squarely addressed" by the United States Supreme Court.  Wright v. Van

11  Patten, 552 U.S. 120, 125 (2008).  Thus, extrapolations of settled law to unique situations will

12  not qualify as clearly established.  See e.g., Carey v. Musladin, 549 U.S. 70, 76 (2006)

13  (established law not permitting state sponsored practices to inject bias into a criminal proceeding

14  by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed

15  guards does not qualify as clearly established law when spectators' conduct is the alleged cause

16  of bias injection).  The established Supreme Court authority reviewed must be a pronouncement

17  on constitutional principles, or other controlling federal law, as opposed to a pronouncement of

18  statutes or rules binding only on federal courts.  Early v. Packer, 537 U.S. 3, 9 (2002).

19         The state courts need not have cited to federal authority, or even have indicated

20  awareness of federal authority in arriving at their decision.  Early, supra, 537 U.S. at 8. Where the

21  state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the

22  federal court will independently review the record in adjudication of that issue.  "Independent

23  review of the record is not de novo review of the constitutional issue, but rather, the only method

24  by which we can determine whether a silent state court decision is objectively unreasonable."

25  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

26  \\\\\\

1         Finally, if the state courts have not adjudicated the merits of the federal issue, no

2    AEDPA deference is given; the issue is reviewed *de novo* under general principles of federal law.

3    James v. Ryan, __ F.3d __, 2012 WL 639292 *18-19 (9th Cir. 2012).

4    II.  Petitioner's Claim

5         Petitioner claims that there was insufficient evidence presented at trial to prove

6    beyond a reasonable doubt that he had a prior strike conviction and therefore double his prison

7    term.  Specifically, petitioner claims that the rap sheet, Alameda County Superior Court

8    sentencing hearing transcript, and probation report presented at trial were insufficient to prove

9    the strike.  (Ptn. at 5-6.)  Petitioner also claims that the prosecutor should have presented a Penal

10   Code 969(b) prison packet to prove the strike.  (Ptn. at 6.)

11        The Sacramento County Superior Court rejected petitioner's argument that there

12   was insufficient evidence presented at trial to prove the prior strike.  The court found that

13   petitioner's argument was procedurally barred and that the trial court was within its discretion to

14   find that petitioner suffered the prior strike.  (Opinion at 2-3.)  The superior court reasoned as

15   follows:

16        Insofar as petitioner is claiming that the evidence was insufficient
     to prove that he was the person who suffered the prior conviction,
17   the claim is not cognizable on habeas corpus in a California habeas
     petition, but instead may only be raised on appeal [citation].   In
18   addition, it appears to be further barred as a claim that could have
     been, but was not, raised on appeal, under In re Dixon (1953) 41
19   Cal.2d 756, reaffirmed in In re Harris (1993) 5 Cal.4th 813, 829.
     The only exceptions to Dixon procedural bar are: (1) if the claim is
20   based on constitutional error that is both clear and fundamental,
     and that strikes at the heart of the trial process; (2) if the claim is
21   now couched in ineffective assistance of counsel terms; (3) if the
     court lacked fundamental jurisdiction over the petitioner or the
22   subject matter; (4) if the court acted in excess of its jurisdiction and
     the issue is strictly a legal one not requiring a redetermination of
23   the facts underlying the claim; (5) there has been a change in the
     law affecting the petitioner (Harris, supra, 5 Cal.4th 813, 834, 834
24   fn. 8, 836, 840-41, 841; [citations omitted].)

25        The claim does not meet the exception for a constitutional error
     that is clear and fundamental and that strikes at the heart of the trial
26   process.  Although the claim is cognizable on federal habeas

corpus, it is cognizable in federal court only when state remedies have been exhausted and no independent and adequate state ground stands as a bar (Jackson v. Virginia (1979) 443 U.S. 307, 321). Because federal courts will not consider such a claim if it has not been exhausted in state courts, or has been procedurally barred in state courts, it necessarily follows that federal courts do not view this type of claim as a type of constitutional error that leads to a fundamentally unfair trial, or the federal courts, long before the more recent trend of bars to cognizability of federal claims, would have made an exception to allow for review of this type of claim even if it had not been exhausted or procedurally barred in state court. As such, a sufficiency of the evidence claim should not be seen as meeting the clear and fundamental constitutional error striking at the heart of the trial process exception to Dixon. Nor does petitioner, as noted above, claim ineffective assistance of appellate counsel, therefore he does not meet that exception to the Dixon bar.

Regardless, the claim is meritless. Penal code § 1025 provides that the court, and not a jury, decides the issue of whether the defendant is the person who has suffered the prior conviction. The court is limited to examining the record of conviction in determining whether the prior conviction was of a serious or violent felony [citation], but this rule does not apply to other aspects of a prior conviction allegation determination such as the identity of the defendant as the person who suffered the prior conviction. Rather, it has been specifically held that a "rap sheet" may be introduced to prove the identity of the defendant as the person who suffered the prior conviction, for prior conviction allegation and Penal Code § 667.5(b) prior prison term purposes (People v. Martinez (2000) 22 Cal.4th 106). That was done in this case, and the rap sheet sufficiently proved the identity issue.

(Opinion at 2-3.)

Respondent asserts that this claim is procedurally barred. (Dkt. No. 8 at 10.) However, the Supreme Court has found a district court may reach the merits of a habeas petitioner's claim where, as here, the merits are "easily resolvable against the petitioner whereas the procedural-bar issue involve[s] complicated issues of state law." Lambrix v. Singletary, 520 U.S. 518, 525 (1997); see also Kuhali v. Reno, 266 F.3d 93, 101 (2d. Cir. 2001) ("It is well settled that the doctrine of procedural default is prudential rather than jurisdictional in nature."); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 170 (2nd. Cir. 2000) ("The doctrine of procedural default is based on considerations of comity and finality, and not on

a jurisdictional limitation of the power of a federal court . . . to look beyond a state procedural

default and consider the merits of a defaulted claim . . .").  Thus the court looks to the merits of

petitioner's insufficient evidence claim.

Petitioner's argument turns on whether the rap sheet and probation report were

sufficient evidence for Superior Court Judge Patrick Marlette to find that petitioner suffered a

prior strike for an Alameda County robbery conviction.  (Ptn. at 5-6 and RT 374-375.)  Petitioner

also alleges that the superior court erred in considering the Alameda County minute order from

the robbery sentencing hearing.  (Ptn. at 5.)  But Judge Marlette made clear that he did not rely

on the minute order.  (RT at 374.)  Petitioner finally alleges that the People failed to introduce

records required by Cal. Penal Code § 969b to prove a prior strike conviction.  (Ptn. at 6.)

The Due Process Clause of the Fourteenth Amendment "protects the accused

against conviction except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364 (1970).  There

is sufficient evidence to support a conviction if, "after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "[T]he

dispositive question under Jackson is 'whether the record evidence could reasonably support a

finding of guilt beyond a reasonable doubt.'"  Chein v. Shumsky, 373 F.3d 978, 982-83 (9th Cir.

2004) (quoting Jackson, 443 U.S. at 318).  "A petitioner for a federal writ of habeas corpus faces

a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction

on federal due process grounds."  Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005).  In

order to grant the writ, the federal habeas court must find that the decision of the state court

reflected an objectively unreasonable application of Jackson and Winship to the facts of the case.

Id. at 1275 & n. 13.

The court must review the entire record when the sufficiency of the evidence is

challenged in habeas proceedings.  Adamson v. Ricketts, 758 F.2d 441, 448 n. 11 (9th Cir. 1985),

vacated on other grounds, 789 F.2d 722 (9th Cir. 1986) (en banc), rev'd, 483 U.S. 1 (1987).  It is the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Jackson, 443 U.S. at 319.  If the trier of fact could draw conflicting inferences from the evidence, the court in its review will assign the inference that favors conviction.  McMillan v. Gomez, 19 F.3d 465, 469 (9th Cir. 1994).  "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction."  United States v. Cordova Barajas, 360 F.3d 1037, 1041 (9th Cir. 2004) (internal quotation marks, brackets and citation omitted).

Under California law, the trial court determines if the defendant is the person who suffered the prior strike conviction.  Cal. Penal Code § 1025(c).  The prosecutor must prove the prior conviction beyond a reasonable doubt.  People v. Richardson, 43 Cal. 4th 959, 1032 (2008).  California state courts may look to the entire record of the conviction in making a prior-conviction determination.  People v. Guerrero, 44 Cal. 3d 343, 355 (1988) (reversing appellate court and finding that the trial court did not err in considering accusatory pleadings and the defendant's pleas in earlier cases).  Rap sheets may be used to show prior convictions.  People v. Martinez, 22 Cal. 4th 106, 118-19 (2000).  A person's name on conviction records can be used to establish identity.  People v. Mendoza, 183 Cal. App. 3d 390, 401 (1986).

Here, petitioner was convicted of robbery in Alameda County on October 17, 2007 under the name Marcus Dunlap.  (Ptn. at 30 and  Lod. Doc. 7 at 270.)  At petitioner's prior strike hearing, the trial court properly looked to the record of conviction and specifically at petitioner's rap sheet and probation report.  See Guerrero, 44 Cal. 3d at 355.  Judge Marlette found that the rap sheet belonged to petitioner.  (RT at 372.)  Judge Marlette based this finding on an April 25, 2000 Roseville, California arrest in petitioner's rap sheet that matched testimony that petitioner was arrested in Roseville on that day.  (RT at 372.)  Judge Marlette also considered that petitioner provided a false name and date of birth in the Roseville arrest; the Criminal Index and Identification (CII) number on the rap sheet and probation report matched;

1   the booking and arraignment dates for the possession of counterfeit money charge matched the

2   rap sheet; and that the name Marcus Dunlap was listed as an alias on the rap sheet.  (RT

3   371-372.)  The trial court properly relied on this information in the record in finding that

4   petitioner suffered the prior strike conviction.  (RT at 375.)

5             Petitioner also alleges that the prior conviction was unproved because the

6   prosecutor did not present petitioner's prison packet.  (Ptn. at 6.)  Pursuant to California law,

7             For the purpose of establishing prima facie evidence of the fact that a person
            being tried for a crime or public offense under the laws of this State has been
8            convicted of an act punishable by imprisonment . . . the records or copies of
            records of any state penitentiary, reformatory, county jail, city jail, or federal
9            penitentiary in which such person has been imprisoned, when such records or
            copies thereof have been certified by the official custodian of such records, may
10            be introduced as such evidence.

11   Cal. Penal Code § 969(b).  Cal. Penal Code § 969(b) makes clear that the prison packet "may" be

12   used.  Nothing in the statute or case law requires the prosecutor to introduce and rely on the

13   prison packet.  People v. Martinez, 22 Cal. 4th 106, 116 (2000).  There is no requirement to use

14   the prison packet to prove a prior conviction.  People v. Tenner, 6 Cal. 4th 559, 563 (1993).

15             In light of the above, the court concludes that the state courts reasonably

16   determined that Judge Marlette based his finding of a prior strike on sufficient evidence.

17   Petitioner is not entitled to federal habeas relief on his claim.

18             Accordingly, IT IS HEREBY ORDERED THAT:

19             1.  The petition for writ of habeas corpus (Dkt. No. 1) is denied;

20             2.  This case is closed;

21   \\\\\

22   \\\\\

23   \\\\\

24   \\\\\

25   \\\\\

26   \\\\\

3.  The court declines to issue a certificate of appealability under 28 U.S.C. § 2253
as, for the reasons discussed above, petitioner has not made a substantial showing of the denial of
a constitutional right.

Dated: August 10, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / prid3177.hc